**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JENNIFER D. BRUNTON,**

      **Plaintiff,**

  vs.                                    Case No. 2:25-cv-0769
                                                  Judge Edmund A. Sargus, Jr.
                                                  Magistrate Judge Elizabeth P. Deavers

**MORROW COUNTY
COURTHOUSE, OHIO,** *et al.*

      **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Jennifer Brunton, an Ohio resident proceeding without the assistance of counsel, has requested leave to proceed *in forma pauperis* with this action. (ECF No. 1.) The Motion is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs.

This matter is also before the Court for an initial screen of Plaintiff's Complaint (Compl., ECF Nos. 1-1, 1-2, 1-3) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons below, it is **RECOMMENDED** that Plaintiff's Complaint (ECF Nos. 1-1, 1-2, 1-3) be **DISMISSED** in its entirety.

    **I.**      **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> \*   \*   \*
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law." *Brown v. Kruse*, No. 1:15-CV-526, 2015 WL 5907557, at \*1 (S.D. Ohio Aug. 24, 2015) (citing *Neitzke*, 490 U.S. at 328–29), report and recommendation adopted, No. 1:15-CV-526, 2015 WL 5836009 (S.D. Ohio Oct. 7, 2015).  "An action has no arguable legal basis when the . . . plaintiff claims a violation of a legal interest which clearly does not exist. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible." *Id.* (citations and quotations

---

[1] Formerly 28 U.S.C. § 1915(d).

omitted). The Court does not need to accept as true factual allegations that are fantastical or delusional. *Id.* (citations and quotations omitted).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action for lack of subject-matter jurisdiction under both 28

3

U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

Plaintiff brings this action against Defendants Morrow County Courthouse, Ohio; William A. Clark; Judge Tom C. Elkin; Magistrate Celeste Brammer; Lou Herzog, Esq.; Katie Woodford; Morrow County Sheriff's Office; Brandon Newsome; Eric Collins; John Atwell; Lt. Brian Newsome; Knox County Courthouse, Ohio; Judge John C. Thatcher; Erica Young; and John A. Dankovich pursuant to 42 U.S.C. § 1983, alleging violations of her Fourteenth Amendment rights and various Ohio state laws. (Compl. at PageID 6, 9–10, 14.) In the relief section of her Complaint, Plaintiff asserts that "My children and home were taken without Due Process. I have been separated unfairly from my children for 3 years. Please help." (*Id.* at PageID 8.) Plaintiff alleges that "the above-named individuals and institutions" violated her due process protections under the Fourteenth Amendment in various ways:" "deprivation of parental rights" and property; "unlawful interference by law enforcement"; "denial of meaningful access to legal counsel and fair proceedings"; intimidation; *ex parte* proceedings; and "lack of opportunity to be heard." (*Id.* at PageID 10.)

Having performed the initial screen, the Undersigned **RECOMMENDS** that Plaintiff's action be dismissed. The Undersigned cannot discern a claim upon which relief may be granted. Plaintiff's Complaint is devoid of any factual allegations. Instead, she provides conclusory statements that her rights were violated. *See Iqbal*, 556 U.S. at 678 (A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557); *Frengler*, 482 F. App'x at 976–77 ("'courts should not have to guess at the nature of the claim asserted.'") (quoting *Wells v. Brown*, 891 F.2d at 594). In addition,

4

Plaintiff fails to assert any allegations against a specific defendant. *Hawkins-Bivins v. Michigan*, No. 2:25-CV-22, 2025 WL 464702, at *3 (W.D. Mich. Feb. 12, 2025) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints."). The Undersigned finds that Plaintiff fails to state a claim upon which relief may be granted. Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's claims be dismissed in their entirety.

### III. CONCLUSION

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint (ECF Nos. 1-1, 1-2, 1-3) be **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within **14 DAYS** after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge

and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

        IT IS SO ORDERED.

                                                    /s/ *Elizabeth A. Preston Deavers*
**DATED: July 21, 2025**                    **ELIZABETH A. PRESTON DEAVERS**
                                                  **UNITED STATES MAGISTRATE JUDGE**