**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JENNIFER D. BRUNTON,

      Plaintiff,

                                   **Case No. 2:25-cv-0769**

      vs.                          **Judge Edmund A. Sargus, Jr.**

                                   **Magistrate Judge Elizabeth P. Deavers**

MORROW COUNTY
COURTHOUSE, OHIO, *et al.*

      Defendants.

**<u>ORDER AND REPORT AND RECOMMENDATION</u>**

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel.  (ECF No. 5.)  Although this Court has statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted).  Rather, "[i]t is a privilege that is justified only by exceptional circumstances."  *Id*. at 606.  The Court has evaluated whether such exceptional circumstances exist in this case and determines that the appointment of counsel is not warranted at this juncture.  Plaintiff's Motion (ECF No. 5) is **DENIED**.

This matter is also before the Court for an initial screen of Plaintiff's Amended Complaint (ECF No. 9) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff filed an Amended Complaint after the Undersigned issued the Report and Recommendation.  Accordingly, the Court **WITHDRAWS** the pending Report and

Recommendation (ECF No. 2) and considers the Amended Complaint (ECF No. 9) as the operative complaint.  For the reasons below, it is **RECOMMENDED** that Plaintiff's Amended Complaint (ECF No. 9) be **DISMISSED** in its entirety.

## I.    STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> *    *    *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law."  *Brown v. Kruse*, No. 1:15-CV-526, 2015 WL 5907557, at *1 (S.D. Ohio Aug. 24, 2015) (citing *Neitzke*, 490 U.S. at 328–29), *report and*

---

[1] Formerly 28 U.S.C. § 1915(d).

*recommendation adopted*, No. 1:15-CV-526, 2015 WL 5836009 (S.D. Ohio Oct. 7, 2015). "An action has no arguable legal basis when the . . . plaintiff claims a violation of a legal interest which clearly does not exist. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible." *Id.* (citations and quotations omitted). The Court does not need to accept as true factual allegations that are fantastical or delusional. *Id.* (citations and quotations omitted).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim

3

asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.   ANALYSIS

Having performed the initial screen, the Undersigned **RECOMMENDS** that Plaintiff's case be dismissed.  In her Amended Complaint, Plaintiff names as Defendants William A. Clark; Morrow County Victim Services; Morrow County Sheriff's Office; Morrow County Sheriff Deputies Baker, Lt. Brian Newsome, Brandon Newsome, Eric Collins, and John Atwell; GAL Lou Herzog; Judge Tom C. Elkin; Magistrate Celeste Brammer; Judge John C. Thatcher; Erica Young; and John A. Dankovich.  (ECF No. 9, at PageID 124.)  Plaintiff brings twelve counts:

- Count 1: 42 U.S.C. §1983 - Deprivation of Constitutional Rights (All Defendants);
- Count 2: 42 U.S.C. §1985 - Conspiracy to Deprive Civil Rights (William Clark + Officials);
- Count 3: Parental Kidnapping and Custodial Interference (Ohio RC.§§ 2919.23, 3109.04);
- Count 4: Fraud, Conversion, and Financial Harm (William Clark: RC. 2913.02, 2913.42, 2307.60);
- Count 5: False Allegations and Malicious Actions by Officials (RC. 2921.13, 2921.45);
- Count 6: Emotional and Financial Harm (IIED, NIED, Loss of Children, Property, Business);
- Count 7: Fabrication of Evidence and Malpractice by GAL Lou Herzog
- Count 8: Wrongful Mental-Health Detention and Unlawful Seizure (Deputies, Sheriff's Office);

4

- Count 9: Procedural & Substantive Due Process Violations (Judges, Magistrates, Officials);
- Count 10: 6th Amendment Violations - Knox County (Judge Thatcher, Public Defenders);
- Count 11: Fabrication of Evidence / Malicious Prosecution (Morrow+ Knox County Officials); and
- Count 12: Conspiracy / §1985 / §1986 Violations (Morrow+ Knox County Officials).

(*Id.* at PageID 125–26 (as in original).)  In support, Plaintiff provides broad, conclusory statements regarding most, but not all, of each Defendants' actions.  (*Id.* at PageID 124–25.)

### A.      Counts 1, 2, 9, 10, and 12

The Undersigned will construe Counts 1, 2, 9, 10, and 12 as subject to federal jurisdiction under 42 U.S.C. §§ 1983 and/or 1985 and recommends that the Court dismiss these Counts for failure to state a claim upon which relief may be granted.

As an initial matter, all of Plaintiff's claims against Defendants Judge Elkin, Magistrate Brammer, and Judge Thatcher must be dismissed.  Regardless of how liberally the Undersigned construes Plaintiff's Complaint, Defendants Judge Elkin, Magistrate Brammer, and Judge Thatcher are entitled to judicial immunity.  Judicial officers are entitled to absolute immunity from civil liability when acting within the scope of their duties.  *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (holding that immunity is overcome only if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.") (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1872)).  Plaintiff does not plausibly allege any exceptions to

the judicial immunity doctrine.  Instead, it appears that Plaintiff merely disagrees with Defendant Judge Elkin and Magistrate Brammer's rulings and procedural actions in relation to unidentified "divorce and custody orders" and Defendant Judge Thatcher's rulings and procedural actions in relation to a vague assertion that he "gave Plaintiff only 2 days' notice of jury trial after pleading not guilty for nearly 3 years . . . ."  (ECF No. 9, at PageID 124–25 (as in original).)  These rulings and actions appear to be within Defendants Judge Elkin, Magistrate Brammer, and Judge Thatcher's judicial capacity.  These Defendants' actions fall within the immunity afforded to judicial officers.  Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** all of Plaintiff's claims against Defendants Judge Elkin, Magistrate Brammer, and Judge Thatcher.

Moving to Plaintiff's potential federal law claims, the Undersigned finds that each claim must be dismissed.  First, Count 2 fails to state a claim.  Plaintiff asserts that Defendant Clark and "Officials" conspired to deprive her of her civil rights under 42 U.S.C. § 1985.  (*Id.* at PageID 125.)  The entirety of Plaintiff's allegations against Defendant Clark are as follows: "Parental kidnapping, false allegations, fraud to gain access to property, business, and children. Caused financial and emotional harm."  (*Id.* at PageID 124.)  Conspiracy claims must be pled with some degree of specificity.  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Vague and conclusory allegations unsupported by material facts are not sufficient to state a conspiracy claim.  *Id.*

Plaintiff fails to allege any facts that the Undersigned could construe as a conspiracy claim.  Plaintiff does not identify which section of § 1985 that Defendant Clark and "Officials" purportedly violated, any person or entity that allegedly conspired with Defendant Clark, or any actions motivated by racial animus or that were class based.  Section 1985 "only covers conspiracies against: [] classes who receive heightened protection under the Equal Protection

Clause . . . ."  *Bartell v. Lohiser*, 215 F.3d 550, 559–60 (6th Cir. 2000) (citing *Browder v. Tipton,*

630 F.2d 1149 (6th Cir.1980)).  Accordingly, the Undersigned **RECOMMENDS** that the Court

**DISMISS** Count 2 for failure to state a claim upon which relief may be granted.

   Second, Count 9 must be dismissed.  Plaintiff alleges "procedural and substantive due

process violations" against Judges, Magistrates, and Officials.  (ECF No. 9, at PageID 125.)  As

explained above, Plaintiff's claims against the Judge and Magistrate Defendants must be

dismissed, leaving a claim against "Officials."  Without more, the Undersigned cannot discern a

claim upon which relief may be granted.  Plaintiff fails to assert any non-conclusory allegations

against a specific defendant.  *See Austin v. MDOC Officers*, No. 24-10314, 2024 WL 2116043, at

*3 (E.D. Mich. May 10, 2024) (dismissing a plaintiff's complaint at the initial screening stage

for failure to "clearly identify or allege specific unconstitutional conduct that is attributable to

any official.").  Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Count

9 for failure to state a claim upon which relief may be granted.

   Third, Count 10 must be dismissed.  Plaintiff asserts "6th Amendment Violations"

against "Knox County (Judge Thatcher, Public Defenders)."  (ECF No. 9, at PageID 125.)  As

explained above, Plaintiff's claims against the judicial Defendants must be dismissed, leaving a

claim against "Public Defenders."  Construing Plaintiff's Amended Complaint liberally, it

appears that Defendants Dankovich and Young, public defenders, violated her Sixth Amendment

rights by "attempt[ing] to coerce Plaintiff into a guilty plea . . . ."  (*Id.*)  Plaintiff fails to state a

claim under 42 U.S.C. § 1983.

   To plead a cause of action under 42 U.S.C. § 1983, a Plaintiff must plead two elements:

(1) a person acting under color of state law caused deprivation of a right that is (2) secured by the

Constitution or laws of the United States.  *Hunt v. Sycamore Cmty. School Dist. Bd. of Educ.*,

542 F.3d 529, 534 (6th Cir. 2008).  "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983."  *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)). Consequently, "[a] defense attorney engaging in the traditional functions of a lawyer representing a client in a criminal proceeding is not acting for the state for purposes of Section 1983."  *Garcia v. Nerlinger*, No. 1:10–cv–788, 2011 WL 1395595, at *1 (S.D. Ohio Apr. 12, 2011); *see also Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) (concluding that the state-court criminal defense attorney was not a state actor, which precluded a § 1983 claim for ineffective assistance of counsel).  This rule extends to public defenders.  *Polk*, 454 U.S. at 325.

Plaintiff provides a single, vague assertion that Defendants Dankovich and Young "coerced" her into a guilty plea.  (ECF No. 9, at PageID 125.)  Plaintiff, therefore, fails to plausibly allege that Defendants Dankovich and Young acted under the color of state law. Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Count 10 for failure to state a claim upon which relief may be granted.

Fourth, Count 12 must be dismissed for the same reasons Count 2 and Count 9 must be dismissed.  Plaintiff alleges "Conspiracy / §1985 / §1986" violations against "Morrow + Knox County Officials."  (*Id.* at PageID 126 (as in original).)  Plaintiff fails to allege any facts that the Undersigned could construe as a conspiracy claim; nor does she assert any non-conclusory allegations against a specific defendant.  *See Gutierrez*, 826 F.2d at 1538; *Austin*, 2024 WL 2116043, at *3.  Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Count 12 for failure to state a claim upon which relief may be granted.

Finally, Count 1 must be dismissed.  Plaintiff asserts "deprivation of constitutional rights" under 42 U.S.C. §1983 against all Defendants.  (ECF No. 9, at PageID 125.)  After a

review of Plaintiff's allegations against the Defendants not previously discussed, the Undersigned cannot discern a claim upon which relief may be granted.  Plaintiff fails to plausibly plead any factual allegations that the remaining Defendants acted under color of state law to violate her unspecified constitutional rights.  Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Count 1 for failure to state a claim upon which relief may be granted.

Turning to Plaintiff's remaining claims, the Undersigned recommends that the Court decline to exercise jurisdiction over Counts 3–8 and 11.  Although not always clear, the Undersigned assumes Plaintiff alleges violations of state law in each Count.  Under 28 U.S.C. § 1367, the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well."  *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted).  The Undersigned **RECOMMENDS** that the Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims and **DISMISS without prejudice** those claims.

### III.    CONCLUSION

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Amended Complaint (ECF No. 9) be **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.  It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

In light of the above recommendation, the Undersigned also **RECOMMENDS** that the Court **DENY as moot** Plaintiff's Motion to Stay (ECF No. 4) and Motion for Preliminary Injunction (ECF No. 6).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within **14 DAYS** after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

*/s/ Elizabeth A. Preston Deavers*

DATED: February 6, 2026       **ELIZABETH A. PRESTON DEAVERS**
                              **UNITED STATES MAGISTRATE JUDGE**

10