**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JENNIFER D. BRUNTON,**

      **Plaintiff,**

      **v.**                           **Case Number 2:25-cv-769**
                                       **Judge Edmund A. Sargus, Jr.**
                                       **Magistrate Judge Elizabeth P. Deavers**

**MORROW COUNTY COURTHOUSE,**
**OHIO,** *et al.*,

      **Defendants.**

**<ins>OPINION AND ORDER</ins>**

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge on February 6, 2026. (ECF No. 11.) Plaintiff Jennifer D. Brunton, proceeding *pro se* and *in forma pauperis*, brings 12 claims against 14 defendants: William A. Clark; Morrow County Victim Services; the Morrow County Sheriff's Office; Morrow County Sheriff Deputies Baker, Lt. Brian Newsome, Brandon Newsome, Eric Collins, and John Atwell; GAL Lou Herzog; Judge Tom C. Elkin; Magistrate Celeste Brammer; Judge John C. Thatcher; and public defenders Erica A. Young and John A. Dankovich. (ECF No. 9.) Ms. Brunton's claims appear to stem from an adverse divorce and custody judgment in the Morrow County Court of Common Pleas. (*See id.*; ECF No. 12.)

After an initial screen of Ms. Brunton's Amended Complaint (ECF No. 9), the Magistrate Judge recommended that the Court dismiss Plaintiff's case under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. (ECF No. 11, PageID 156.) Ms. Brunton filed a timely Objection to the Order and Report and Recommendation. (ECF No. 12.)

If a party timely objects to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Ms. Brunton makes three general objections to the Magistrate Judge's Order and Report and Recommendation. First, she objects to the recommendation for dismissal for failure to state a claim because the "Amended Complaint alleges deprivation of constitutionally protected liberty and property interests without due process of law." (ECF No. 12, PageID 158.) Next, she objects to the characterization of her claims as vague or conclusory because "allegations of lack of service, notice, and opportunity to be heard are factual in nature." (*Id.* PageID 159.) Last, she objects to premature dismissal of her claims because "unresolved factual issues exist concerning: adequacy of service, sufficiency of notice, and opportunity to be heard." (*Id.*)

Ms. Brunton also objects to the recommendation of dismissal of her Fourteenth Amendment procedural due process claim. (*Id.*, PageID 158–59.) The only allegation[1] in the First Amended Complaint that suggests a Fourteenth Amendment procedural due process violation states: "[Judge] Tom C. Elkin, Magistrate Celeste Brammer Issued divorce and custody orders without service or Plaintiff presence, violated due process, caused deprivation of property and children. Took home and property without valid divorce." (ECF No. 9, PageID 124.) Ms. Brunton brings a procedural due process claim against "Judges, Magistrates, Officials." (*Id.*

---

[1] The other claim that could possibly implicate the Fourteenth Amendment is a claim against Judge John C. Thatcher, which Ms. Brunton described as a Sixth Amendment violation. (ECF No. 9, PageID 125) Nonetheless, Ms. Brunton withdrew her claims against Judge John C. Thatcher in her Objection. (ECF No. 9, PageID 158.)

PageID 125.) The Objection lists "factual allegations" that Ms. Brunton says support her due process claim, such as "service of process was unsuccessful," "plaintiff received no notice of hearings," and "orders entered without Plaintiff's knowledge." (ECF No. 12, PageID 159.)

The Magistrate Judge correctly concluded that the claims against Judge Tom C. Elkin and Magistrate Celeste Brammer must be dismissed because judges "enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The Magistrate Judge also correctly concluded that Ms. Brunton's procedural due process claim against "Officials" fails to assert a non-conclusory claim against a specific defendant.

Ms. Brunton attached documents to her Objection that were not previously presented to the Court: a partial printout of a docket from the Morrow County Common Pleas Court ("reflecting unsuccessful service") and a divorce decree and judgment ("reflecting Plaintiff not present"). (*Id.*) "As a general rule, district courts do not have to consider arguments on review that were not raised before the magistrate judge. By logical extension, it is inappropriate to offer new evidence at the time objections are filed and to argue that the Magistrate Judge erred in his [or her] recommendation." *Nathan v. Ohio State Univ.*, No. 2:10-CV-872, 2013 WL 139874, at *4 (S.D. Ohio Jan. 10, 2013) (internal quotations and citations omitted). Nevertheless, because *pro se* litigants' filings are subject to "less stringent standards than formal pleadings drafted by lawyers," the Court will review the evidence provided by Ms. Brunton. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Upon review of Ms. Brunton's documents, the Court concludes that no procedural due process violation occurred in the Morrow County case. First, the divorce decree she provided states that "[Ms. Brunton] failed to appear for the trial date of December 6, 2022. She was

3

properly served at last known address. The Court proceeded to trial as [Ms. Brunton] had notice of these proceedings and missed previous hearings." (*Id.* PageID 167.) Thus, there was no service issue with the divorce judgment. Second, the docket printout provided by Ms. Brunton shows two "unsuccessful" attempts to serve Ms. Brunton between January 31, 2025 and March 17, 2025. The Court located the hearing and subsequent order that these service attempts were related to on the Morrow County Court of Common Pleas docket. *Clark, Jennifer v. Clark, William*, Case No. 2022 DR 00055 (Ohio Morrow County Ct. C.P.). The service attempts were for a hearing on an "order show cause for contempt for failure to pay child support." *Id.*, Summons and Order to Appear and Show Cause (Jan. 30, 2025). According to the Morrow County court's subsequent judgment entry, "[Ms. Brunton] was present for the hearing, along with her attorney, [and] waived any defects in service process . . ." *Id.*, Judgment Entry (Mar. 21, 2025). Thus, any issues of service regarding that hearing were waived by Ms. Brunton. Accordingly, Ms. Brunton's claim that a due process violation occurred is without merit.

A court must dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). A claim lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional or if it is based on legal theories that are indisputably meritless. *Neitzke*, 490 U.S. at 327–28; *Bargery*, 207 F.3d at 866. Further, "[a]lthough *pro se* pleadings are to be liberally construed, courts are not required to conjure up unplead allegations or guess at the nature of an argument." *Durrstein v. Arthur*, 28 F. App'x 466, 467 (6th Cir. 2002). A complaint will not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"

4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Ms. Brunton's claim of procedural due process violations are without merit. Further, the Magistrate Judge correctly concluded that Ms. Brunton's claims must be dismissed for failure to state a claim upon which relief can be granted because they consist of vague assertions that are unsupported by material facts. Accordingly, Ms. Brunton's Complaint must be dismissed under 28  U.S.C. § 1915(e).

Plaintiff's Objection (ECF No. 12) is **OVERRULED,** and the Magistrate Judge's Order and Report and Recommendation (ECF No. 11) is **ADOPTED** and **AFFIRMED**. Plaintiff's Amended Complaint is **DISMISSED**. Additionally, the Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that any appeal of this Opinion and Order would not be taken in good faith.

Further, Plaintiff's Motion to Stay Related State Court Proceedings and Enforcement Actions (ECF No. 4) and Motion for Preliminary Injunction (ECF No. 6) are **DENIED as moot**.

The Clerk is **DIRECTED** to enter judgment, terminate this case from the docket, and mail a copy of this Opinion and Order to Plaintiff at 480 West Rushville Road NE, Lancaster, OH, 43130.

**IT IS SO ORDERED.**

**2/25/2026**            s/Edmund A. Sargus, Jr.
**DATE**                 **EDMUND A. SARGUS, JR.**
                         **UNITED STATES DISTRICT JUDGE**

5